UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
WAVECOM, S.A. and WAVECOM, INC.,

                    Plaintiffs,

       – against –

TEMIC AUTOMOTIVE OF NORTH
AMERICA, INC.,

                    Defendants.
------------------------------------x

09 Civ. 0526 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/09

      This action was initially brought by plaintiffs in the Supreme Court of New York for New York County, and was removed by defendant Temic Automotive to this court. Plaintiffs now move to remand the case to state court. Temic opposes the motion. Temic also moves to strike an argument discussed by plaintiffs in a reply brief. Finally, Temic moves to dismiss the complaint. Plaintiffs' motion to remand is granted. Temic's motion to strike and motion to dismiss are denied.

## Background

      Plaintiff Wavecom, S.A. is a French corporation, with its principal place of business in Paris. Plaintiff Wavecom, Inc. is a subsidiary of Wavecom, S.A. and is a Delaware corporation with its principal place of business in North Carolina. Defendant Temic is a Delaware corporation with its principal place of business in Michigan.

This action arises out of a contract between Temic and an entity referred to in the contract as "Wavecom, S.A . . . (together with its affiliates 'Wavecom')." Under this contract, Wavecom agreed to manufacture certain equipment for Temic. For approximately two years, Temic submitted purchase orders and payments to Wavecom, Inc. On June 25, 2008, Wavecom, Inc. submitted twenty-three invoices to Temic for a total amount of $2.16 million. Temic failed to pay these invoices. Plaintiffs therefore filed this action in New York state court, claiming breach of contract and liability for an "account stated." Defendants removed the action to federal court on the basis of diversity jurisdiction.

## Discussion

For this court to have subject matter jurisdiction over this action under 28 U.S.C. § 1332, there must be complete diversity between plaintiffs and defendants. Plaintiff Wavecom, Inc. and defendant Temic are both Delaware corporations, and are therefore both citizens of Delaware. 28 U.S.C. § 1332(c)(1). Thus, there is no dispute that if Wavecom, Inc. is a proper party to this action, its presence destroys diversity jurisdiction. Temic contends, however, that Wavecom, Inc. is not a proper party to this action, and should be dismissed.

Only "real and substantial parties to the controversy" are properly considered in assessing the court's diversity jurisdiction. Navarro Savings v. Lee, 446 U.S. 458, 461 (1980). Therefore, if Temic can demonstrate that Wavecom, Inc. was included in this action solely to

defeat diversity, the court may dismiss Wavecom, Inc. and retain jurisdiction over the action. This requires Temic to carry the "heavy burden" of establishing, by clear and convincing evidence, that "there is no possibility, based on the pleadings," that Wavecom, Inc. can state a claim against Temic. Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). In considering this issue, the court must resolve all factual and legal issues in favor of plaintiffs. Id. at 461.

Temic's principal argument is that Wavecom, Inc. cannot assert a breach-of-contract claim against Temic because Wavecom, Inc. is not a party to the contract at issue. According to Temic, only the French entity, Wavecom, S.A., is a party to the contract.

Contrary to Temic's contentions, however, Wavecom, Inc. is a party to the contract, and is therefore a "real and substantial" party to this lawsuit. This is demonstrated by the following circumstances.

The contract repeatedly refers to "Wavecom" as the contracting party and defines "Wavecom" to include both Wavecom, S.A. and its "affiliates." Temic does not dispute that Wavecom, Inc. is an "affiliate" of Wavecom, S.A. Although Temic argues that the parties did not intend to include Wavecom, Inc. as a party to the contract, the parties' performance under the contract belies this contention. Wavecom, Inc. supplied the equipment to Temic as required by the contract, and then billed Temic for these products using invoices stating that payment was to be submitted to "Wavecom INC" at an address in California. Temic

then repeatedly submitted payment to Wavecom, Inc. Indeed, the involvement of Wavecom, S.A. appears to have been minimal.

Moreover, when the relationship between the parties broke down, Temic brought a lawsuit in North Carolina state court against both Wavecom, S.A. and Wavecom, Inc. Temic contends that it sued Wavecom, Inc. merely "out of caution." Temic also argues that since the North Carolina action is based on tort claims, rather than contract claims, it is irrelevant to the present dispute. Since the North Carolina complaint includes a breach-of-contract claim against both Wavecom entities, however, this argument is unpersuasive.

Temic further contends that this construction of the contract would render meaningless a clause in the contract allowing for Wavecom, S.A. to assign the contract to an "affiliate." But the fact is that "Wavecom" is defined in the contract to include Wavecom, S.A. and its affiliates. For reasons best known to the contract drafters, the contract contains <u>both</u> this definition and the assignment clause. Neither one can be read out of the contract.

In addition, even if Wavecom, Inc. were not a party to the contract, it would still have a valid cause of action based on an "account stated," which allows recovery where a plaintiff has billed a defendant and the defendant has failed to object to the bill within a reasonable time. <u>Gurney, Becker & Bourne Inc. v. Benderson Dev. Co.</u>, 47 N.Y.2d 995, 996 (1979). Since Wavecom, Inc. issued invoices to Temic, to which

Temic apparently did not object, the "account stated" cause of action alleged in the complaint appears to be valid.

Wavecom, Inc. has demonstrated that it is a "real and substantial" party to this action, and that it has valid causes of action against Temic. Especially when the issues are viewed in the light most favorable to plaintiffs, as they must be on this motion, Temic has failed to carry its burden to demonstrate that the joinder of Wavecom, Inc. was improper. Since Wavecom, Inc. is a proper party to this action, there is not complete diversity and the court lacks subject matter jurisdiction over this action. The motion to remand is therefore granted.

The parties have also raised the following additional issues that require resolution. First, plaintiffs seek an award of costs for defending against removal. A court may award costs under 28 U.S.C. § 1447(c) when "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). Although Temic's argument for removal is ultimately unpersuasive, the court does not find that it was objectively unreasonable. The request for an award of costs is therefore denied.

Second, Temic moves to strike an argument discussed in plaintiffs' reply brief regarding the viability of a possible claim by plaintiffs under a third-party beneficiary theory. Because the court need not reach that argument, the motion to strike is denied as moot.

Third, Temic moves to dismiss this action. Since the court remands the action to state court, the motion to dismiss is denied as moot.

## Conclusion

Plaintiffs' motion to remand is granted, and this action is remanded to the Supreme Court of New York for the County of New York. Defendant's motion to strike and motion to dismiss are denied as moot.

SO ORDERED.

Dated: New York, New York
       August 12, 2009

*Thomas P. Griesa* (signature)

Thomas P. Griesa
U.S.D.J.